IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

June 24, 2025 03:22 PM
SCT-Civ-2024-0001
**VERONICA HANDY, ESQUIRE**
**CLERK OF THE COURT**

**For Publication**

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

IN RE: PETER JAMES LYNCH, ESQ. )  **S. Ct. Civ. No. 2024-0001**
    Appellant, )  Re: Super. Ct. Civ. No. 704/2019 (STT)
    )
    )
**ROBERT RUTKOWSKI, MEGAN** )
**SHERIDAN, CHRIS SIEGRIST, AND** )
**JULIA SIEGRIST,** )
    Plaintiffs, )
    )
v. )
    )
**JABARI BLASH and YVETTE BLASH,** )
    )
    Defendants. )

On Appeal from the Superior Court of the Virgin Islands
Division of St. Thomas & St. John
Superior Court Judge: Hon. Carol Thomas-Jacobs

Considered: November 12, 2024
Filed: June 24, 2025

Cite as: 2025 VI 14

**BEFORE:**   **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and **IVE ARLINGTON SWAN**, Associate Justice.

**APPEARANCE:**

**Peter James Lynch, Esq.**
Fuller & Lynch Advocacy Group, PLLC
St. Thomas, U.S.V.I.
    *Attorney for Appellant.*

## OPINION OF THE COURT

**SWAN, Associate Justice.**

¶1     Appellant Peter James Lynch, Esq., appeals from the Superior Court's December 6, 2023 order denying his June 20, 2023 motion titled "Payment of Claim for Attorney's Fees and Expenses from Settlement Funds Held in the Registry of the Court." (J.A. at 1). For the reasons explicated below, we affirm the lower court's order denying Attorney Lynch's motion.

## I. BACKGROUND

¶2     On December 16, 2019, Chris and Julia Siegrist entered into an "Attorney-Client Representation and Contingency Fee Agreement" with Appellant Peter James Lynch, Esq. (J.A. at 43-49). Attorney Lynch agreed to represent the Siegrists in two matters before the Superior Court of the Virgin Islands: one against Jabari Blash, in an action for damages arising out of a motor vehicle accident, and one against the Government of the Virgin Islands et al. (J.A. at 43). Article I of the Agreement provided for Attorney Lynch's contingency fees in anticipation of various outcomes, including a fee in the amount of 40% of gross recovery realized and collected in the instance of a settlement reached after the discovery stage of the lawsuit. (J.A. at 43-44). Articles I and II further provided for the payment of any and all of Attorney Lynch's costs and expenses from the gross recovery after payment of attorney's fees. (J.A. at 44). Article VII declared that Attorney Lynch was granted all charging liens, among other liens, upon any sum recovered by way of settlement, as well as liens for services rendered and costs expended should he be discharged or withdraw from the case for any reason prior to the conclusion of the case. (J.A. at 46). Attorney Lynch signed the Agreement on December 6, 2019 and the Siegrists both signed the Agreement and initialed each article in the agreement on December 16, 2019.

¶3     On May 23, 2022, Attorney Lynch filed with the Superior Court an unopposed emergency motion to withdraw from representation of Christopher Siegrist and Julia Siegrist pursuant to Virgin Islands Rule of Civil Procedure 6-5. (J.A. at 15). Attorney Lynch claimed that Defendants

Jabari and Yvette Blash had offered a settlement that the Siegrists found acceptable but the Siegrists had refused to agree to the settlement because they objected to Attorney Lynch's fees. (J.A. at 17.) On May 25, 2022, the Blashes filed a response to Attorney Lynch's motion stating that they had no objection and offering to deposit the settlement funds into the court registry after the Siegrists dismissed their claims. (J.A. at 29). The court issued two orders on May 31, 2022, one granting Attorney Lynch's motion to withdraw and one approving the Blashes' plan to deposit settlement funds into the court registry. (J.A. at 32, 33).

¶4　　The next relevant development in the matter occurred on January 4, 2023, when the Blashes filed with the court a notice of settlement, notifying the court that the parties had agreed to a settlement. (J.A. at 39). The Siegrists subsequently filed *pro se* a stipulation for dismissal on February 13, 2023, requesting that the matter be dismissed with prejudice, with each party bearing its own costs and fees, and that the agreed-upon total settlement amount of $8,200.70 be disbursed to the Siegrists from the court registry, into which the funds had been deposited on June 9, 2022. (Document not included in J.A.). The court issued an order the following day, February 14, 2023, granting the stipulation and dismissing the matter with prejudice. (Document not included in J.A.). On the same date, Attorney Lynch filed a notice of claim against settlement funds held in the registry of the Superior Court. (J.A. at 40). Attorney Lynch argued that his contingency fee agreement with the Siegrists entitled him to 40% of the $8,200.70 agreed upon by the parties, as well as costs incurred; he therefore claimed fees of $3,280.27 and costs of $297.50. (J.A. at 40, 41). The Siegrists responded on February 17, 2023 with a *pro se* filing denying Attorney Lynch's entitlement to any fees, claiming abandonment of the representation by him, and various other charges. To support their claims, they included voluminous exhibits, confirming email

communications between themselves and Attorney Lynch. (Document not included in J.A.). The court failed to take any action on either Attorney Lynch's notice or the Siegrists' response.

¶5    In May of 2023, the Superior Court judge who had been handling the case up to that point, the Honorable Renée Gumbs-Carty, completed her judicial term and was succeeded by the Honorable Carol Thomas-Jacobs, who assumed control of the case. On June 20, 2023, Attorney Lynch renewed his request for fees in a motion for payment of claim for attorney's fees and expenses from settlement funds held in the registry of the Superior Court. (J.A. at 53). The court held a status conference on December 5, 2023, at which the court informed Attorney Lynch that the settlement funds had been withdrawn in full from the court registry and that the court therefore no longer had jurisdiction over the funds. (J.A. at 59). Attorney Lynch objected, asserting that he had properly filed his February 14, 2023 notice of claim against the settlement funds, and that the court had wrongly allowed the funds to be withdrawn. The court responded that the fee dispute was a "completely different matter" between Attorney Lynch and the Siegrists that should be addressed in a separate lawsuit. (J.A. at 65-68). The court entered an order on December 6, 2023 denying Attorney Lynch's motion. Attorney Lynch timely filed a notice of appeal on January 2, 2024, followed by a corrective first amended notice of appeal on June 6, 2024. (J.A. at 1, 7).

## II. JURISDICTION AND STANDARD OF REVIEW

¶6    Before this Court can determine the merits of an appeal, we must first establish whether we have jurisdiction over the matter. The Supreme Court of the Virgin Islands "shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court". V.I. CODE ANN. tit. 4, § 32(a). A "trial court's grant or denial of attorney's fees is a final judgment." *V.I. Gov't Hosps. & Health Facilities Corp. v. Gov't of the V.I.*, 50 V.I. 276, 279 (V.I. 2008). Accordingly, the trial court's December 6, 2023 order denying Attorney Lynch's

motion for payment of fees is a final judgment for the purposes of this Court's jurisdiction. We exercise plenary review over trial courts' application of law. *Brathwaite v. People*, 67 V.I. 609, 613 (V.I. 2017). We also exercise plenary review over matters concerning trial courts' exercise of subject matter jurisdiction. *Judi's of St. Croix Car Rental v. Weston*, 49 V.I. 396, 399 (V.I. 2008).

## III. DISCUSSION

### A. This Jurisdiction Should Recognize Attorneys' Charging Liens

¶7 Attorney Lynch's notice and subsequent motion requesting that the Superior Court distribute a portion of the Siegrists' settlement funds to Attorney Lynch in payment of attorney's fees and costs are assertions of an attorney's charging lien, which, as Attorney Lynch observes in his appellate brief, is not recognized in this jurisdiction's laws or by its courts. However, Attorney Lynch relies upon a recent opinion, *Go Fast Charters, LLC v. Texaco Caribbean, Inc.*, which held, subsequent to performing a *Banks* analysis, that the recognition of attorneys' charging liens is the best rule for this jurisdiction. 78 V.I. 24, 49-50 (V.I. Super. Ct. 2023). Upon review, we agree.

¶8 In its 2011 decision in *Banks v. Int'l Rental & Leasing Corp*, this Court directed V.I. courts to perform a three-prong analysis in determining Virgin Islands common law. 55 V.I. 967 (V.I. 2011). Courts must evaluate "'(1) whether any Virgin Islands courts have previously adopted a particular rule; (2) the position taken by a majority of courts from other jurisdictions; and (3) most importantly, which approach represents the soundest rule for the Virgin Islands.'" *Simon v. Joseph*, 59 V.I. 611, 623 (V.I. 2013) (citing *Matthew v. Herman*, 56 V.I. 674, 680-81) (V.I. 2012).

¶9 On the issue of attorneys' charging liens, the court in *Go Fast Charters* observed that Virgin Islands courts had not previously adopted a particular rule. 78 V.I. at 40-41. The court therefore proceeded to perform an exhaustive *Banks* analysis on the positions taken by courts in other jurisdictions. The court's research revealed that nearly all other jurisdictions recognize an

attorney's charging lien: thirty-two jurisdictions recognize the right by statute, thirteen recognize it as a right through common law, three recognize it by both, and two recognize it through contract law. Only Maine and Guam have left the issue unsettled. The court was unable to locate any information on attorney's liens in the jurisdictions of the Northern Marianas or American Samoa. Only Puerto Rico does not recognize an attorney's charging lien. *Go Fast Charters*, 78 V.I. at 43-47 & nn.125-131. This Court will accept the scrupulousness and accuracy of the trial court's research on this prong of the *Banks* test and sees no need to replicate it. Accordingly, the Court observes that the vast majority of jurisdictions recognize a right to attorneys' charging liens by either statute or common law, with approximately two-thirds recognizing it by statute and one-fourth recognizing it through common law. This factor therefore weighs heavily in favor of recognizing such a right in our own jurisdiction.

¶10     Having discovered that this jurisdiction has no settled rule regarding attorneys' charging liens and that nearly all other jurisdictions recognize such liens through statute or common law, it is now incumbent upon this Court to determine the approach that represents the soundest rule for our jurisdiction. Upon consideration, we agree with the Superior Court, *Go Fast Charters*, 78 V.I. at 49-50, and hold that this jurisdiction should recognize attorneys' charging liens. Charging liens can be powerful aids in broadening the availability of representation to penurious claimants with valid claims. As Section 43 of the Restatement (Third) of the Law Governing Lawyers expounds in comment (d) on the justification of charging liens:

> [C]harging liens can secure proper payment for lawyers without the coercive effects of a retaining lien. If the client were given the disputed sum, the money might be dissipated before the lawyer could secure a remedy. Especially when the client has no other assets and the lawyer is receiving a contingent fee, the charging lien gives the lawyer important assurance that the fee and disbursements will actually be paid. It thus makes it easier for people to secure competent representation when they have small means and meritorious claims.

Attorneys within this territory are just as entitled to payment for their work as those in any other jurisdiction, and their livelihoods, along with those of all their employees, depend upon the relative surety of being paid when they win cases for their clients. Without the assurance of charging liens in contingency fee matters, many attorneys will simply be too risk-averse to take on low-income clients. Recognizing charging liens would consequently be beneficial for both attorneys and litigants of meager means. Thus, upon review of the three factor *Banks* test as applied to the present issue, we hold, as the Superior Court did, 78 V.I. at 49-50, that the best rule for this jurisdiction to adopt is a recognition of attorneys' charging liens.

¶11    Given that two-thirds of U.S. jurisdictions recognize the right to charging liens by statute, it would seem reasonable to accept the same as the preferred method of recognition in our own jurisdiction. However, we see no reason to wait for the legislature to consider such an issue which has, to our knowledge, never been raised before that body. Thirteen jurisdictions recognize the right to charging liens through common law alone, and three more through both common law and statute. This fact confirms that there exists sufficient precedent to hold that we, too, should recognize the right through common law now, rather than waiting for the legislature to address it. We will therefore adopt attorneys' rights of recognition of charging liens as part of our common law, with the exception that attorneys' charging liens are not to supersede or to take priority over other parties' statutory liens or rights to the recovery or to the judgment proceeds or funds, when a statute explicitly and unambiguously grants a third party priority to the recovery or to the judgment proceeds or funds, as in the case of the Workers' Compensation Trust Fund established by Title 24 of the Virgin Islands Code.[1] We do not here intend to make charging liens a guaranteed

---

[1] Workers' compensation cases in which the Government has paid an injured worker out of the Workers' Compensation Trust Fund present a salient example of priority statutory claims. In such cases, if the worker is to

method of recovery, but rather a lawfully recognized method in preference of attorneys' deserved recompense in recognition of the financial risks of taking on certain representation that is subordinated to statutorily-recognized priority claims.

## B. Attorney Lynch did not have the Right to Intervene by Filing his Notice of Charging Lien or his Motion for Payment

¶12　Although Attorney Lynch represented his clients, the Siegrists, as parties to the underlying case in this matter from its original filing in 2019, he deliberately removed himself from the matter by filing his emergency motion to withdraw on May 23, 2022. His removal from the matter was effected by the May 31, 2024 court order granting his motion. Accordingly, to reenter the case after that date, Attorney Lynch would have needed to act as an intervener.

---

pursue civil action against a third party after receiving workers' compensation and secures a monetary award against such party, Section 263 of Title 24 of the Virgin Islands Code unambiguously states that the expenses incurred by the Government through the Workers' Compensation Trust Fund are to be paid out of the award first, before other distributions such as attorneys' fees may be allotted:

> The injured workman or employee or his beneficiaries may not institute any action, nor may compromise any right of action they may have against the third person responsible for the damages, unless the Administrator is a party to the action or agrees to the compromise, but the failure to join the Administrator shall not deprive the courts of jurisdiction over the claim or otherwise result in dismissal of the claim, so long as the injured worker or employee acknowledges that all sums due the Government Insurance Fund are secured by any recovery.
>
> No compromise between the injured workman or employee, or his beneficiaries in case of death, and the third person responsible shall be valid or effective in law unless the expenses incurred by the Government Insurance Fund in the case are first paid. No judgment shall be entered in actions of this nature and no compromise whatsoever as to the rights of parties to said actions shall he approved, without making express reserve of the rights of the Government Insurance Fund to reimbursement of all expenses incurred.

24 V.I.C. § 263. In such instances as workers' compensation cases, therefore, where priority of liens is statutorily determined in Virgin Islands law, statutory rights shall supersede case law precedent. More succinctly, common-law recognition of the right to attorneys' charging fees shall not supersede or in any way refute such statutory determinations of priority. In cases like the one presently before this Court, however, no overriding statutory preference exists to bar attorneys from asserting priority claims via charging liens.

¶13    Intervention as of right in the Superior Court of the Virgin Islands is governed by Virgin Islands Rule of Civil Procedure 24(a)(2), which states that

> On timely motion, the court must permit anyone to intervene who ... claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

This Court has previously held that, when ruling on a motion to intervene under this Rule of Civil Procedure, trial courts "must determine whether the applicant has established that '(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.'" *In the Matter of Q.G.,* 60 V.I. 654, 661 (V.I. 2014) (citing *Anthony v. Indep. Ins. Advisors, Inc.,* 56 V.I. 516, 526 (V.I. 2012).

¶14    Here, Attorney Lynch wholly failed to apply for intervention, not only in a timely manner, but at any time.  The only documents reflected on the record as being filed by Attorney Lynch after his successful May 23, 2022 motion to withdraw are his February 14, 2023 notice of claim and his June 20, 2023 motion for payment of claim for attorney's fees.  Neither filing makes any mention of intervention or follows the requirements for motions to intervene delineated in V.I. R. Civ. P. 24(c)  Even were we to somehow stretch our interpretation unnecessarily broadly and find that either his February 14, 2023 notice or his June 20, 2023 motion constituted a motion to intervene, neither one could be treated as timely, as both were filed after the Siegrists filed their stipulation of dismissal on February 13, 2023,  effectively closing the matter pursuant to V.I. R. Civ. P. 41(a)(1)-(2)).  However, we simply rule upon the facts before us, and in this case Attorney Lynch provides no evidence that he ever filed a motion to intervene. He therefore had no standing

to file his notice of claim or his motion for payment of claim, nor should the lower court have called a status conference to rule on his motion. Nevertheless, to the extent that the lower court denied Attorney Lynch's motion, we affirm its decision, albeit on different grounds.

## IV. CONCLUSION

¶15 Having conducted a *Banks* analysis on the issue, we find that this jurisdiction should recognize, as a matter of Virgin Islands common law, the right to attorneys' charging liens, as described in Section 43 of the Restatement (Third) of the Law Governing Lawyers. In the instant matter, however, we hold that Attorney Lynch had no standing to pursue a charging lien, as he was no longer affiliated with the case when he filed his notice of claim, nor had he properly filed a motion to intervene. Accordingly, we affirm the Superior Court's December 6, 2023 order denying Attorney Lynch's June 20, 2023 "Motion for Payment of Claim for Attorney's Fees and Expenses from Settlement Funds Held in the Registry of the Court."

Dated this 24ᵗʰ day of June, 2025.

BY THE COURT:

**IVE ARLINGTON SWAN**
Associate Justice

ATTEST:
**VERONICA J. HANDY, ESQ.**
Clerk of the Court

By: _____
Deputy Clerk II

Date: June 24, 2025

IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

June 24, 2025 03:22 PM
SCT-Civ-2024-0001
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

**HODGE, C.J., with whom CABRET, J. joins, concurring in part.**

¶ 16     I agree with and join all parts of the principal opinion except for footnote 1, which not only analyzes an entirely unrelated issue of attorney liens in workers' compensation cases, but does so in a manner that is entirely inconsistent with the recent decision of this Court in *Gov't of the V.I. v. George*, 2025 VI 6.  Because footnote 1 is not necessary to the result of this case, it is merely dictum and does not in any way alter or cast doubt on our *George* decision.  *See Walters v. Walters*, 60 V.I. 768, 777 n.11 (V.I. 2014) ("[W]e have repeatedly held that dicta are not binding.") (quoting *Lander v. Schundler*, 168 F.3d 92, 98 n.6 (3d Cir. 1999)).

**DATED this 24th day of June, 2025.**

BY THE COURT:


 **/s/** Rhys S. Hodge

**RHYS S. HODGE**
**Chief Justice**

ATTEST:

**VERONICA J. HANDY, ESQ.**
**Clerk of the Court**


**By:**   **/s/** Jahkyda Coakley
          **Deputy Clerk II**

**Dated:**   June 24, 2025